**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOHNNY WILLIE JONES,                    :

      Petitioner                    :     **CIVIL ACTION NO. 3:22-0426**

      v                                    :          **(JUDGE MANNION)**

HERMAN QUAY,                             :

      Respondent               :

<u>**MEMORANDUM**</u>

**I.    <u>Background</u>**

On February 22, 2022, Petitioner, Johnny Willie Jones, a former inmate confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, in the United States Court for the District of South Carolina. (Doc. 1, petition). By Order dated March 21, 2022, the action was transferred to the United States District Court for the Middle District of Pennsylvania, (Doc. 6), where it was received and filed on March 22, 2022. (Doc. 9).

Petitioner's claim states in full that "[no] judge can send anyone to prison" because "[t]hey have no oath of office nor is there is no United States Government". (Doc. 1 at 2).  For relief, Jones requests "immediate release."

(Doc. 1 at 7). However, a review of the Federal Bureau of Prisons Inmate Locater reveals that Jones was released from custody on November 4, 2022. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

## II.    **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or

controversy ... if unaccompanied by continuing, present adverse effects."
Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing
O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus
relief generally becomes moot when a prisoner is released from custody
before the court has addressed the merits of the petition." Lane v. Williams,
455 U.S. 624, 631 (1982).

In the instant case, because Jones has been released from custody,
and has been afforded the relief he seeks, his habeas petition has been
rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir.
2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt,
297 F. App'x 154 (3d Cir. 2008).

**III.**   **Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus
will be **DISMISSED** as moot. An appropriate order will follow.

_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**

**Date: January 6, 2023**
22-0426-01